**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANI SAHAKYAN,<br><br>                    Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    19-71377<br><br>Agency No. A206-911-900<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Ani Sahakyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Sahakyan experienced in Armenia, even considered cumulatively, did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution); *see also INS. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it[.]"); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution ... is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's determination that Sahakyan failed to establish a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1022 (petitioner failed "to present compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative").

Thus, Sahakyan's asylum claim fails.

Because Sahakyan failed to establish eligibility for asylum, in this case, she failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at

19-71377

1190.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**